### LEARY *et al. v.* HUTTON *et al.*

(*Supreme Court, General Term, First Department.* December 29, 1890.)

CONSTRUCTION OF LEASE—RENEWAL.

    A lease contained a covenant by the lessors that they, prior to the expiration of the term, would pay to the lessees the value of the buildings erected by the latter on the premises, or would grant them a renewal lease containing like covenants. *Held*, that such renewal lease need not contain a covenant for payment for buildings or further renewal. Following *Muhlenbrinck* v. *Pooler*, 40 Hun, 526.

Submission of controversy without action on statement of facts agreed upon, by Charles C. Leary, administrator of James Leary, deceased, and others, executors of Elizabeth A. White, deceased, plaintiffs, against Henrietta Hutton and others, executors and trustees of Thomas McCarty, deceased, defendants.

Argued before VAN BRUNT, P. J., and BRADY and DANIELS, JJ.

*E. L. Fancher,* for plaintiffs. *Strong & Cadwalader,* (*John L. Cadwalader,* of counsel,) for defendants.

VAN BRUNT, P. J. A large number of facts are inserted in the submission, which it is not necessary to advert to in the view which we take of one of the questions presented upon this submission. The question in difference is whether, as is claimed by the plaintiff, on the expiration of a lease dated July 15, 1874, for 14 years, the plaintiff was entitled to have inserted in the renewal lease a covenant such as is contained in the former lease requiring the lessors, prior to the expiration of the term, to pay to the lessees the value of the buildings or warehouses erected by them on the premises, unless the lessor should choose to grant a further lease with like covenants. It appears that, in 1839, a lease was made of the premises in question to persons of whom the plaintiffs are the successors in interest for seven years from March 1, 1840, which lease provided that before the 1st December, 1846, the value of any buildings or warehouses erected thereon should be ascertained by sworn appraisers, and, in case the lessor failed to pay to the lessees the amount of the valuation, the lessor would grant a renewal lease for the further term of 14 years, at such annual rental as should be agreed on, not less than the present rent, and, in case of failure to agree, the lease provided for an arbitration. In the year 1847 a renewal lease for 14 years was made, at the same rental, containing similar covenants as the original lease, including covenants as to payment for the buildings or renewal. The first renewal expired in 1861, and thereupon a new lease was executed for 14 years from May 1, 1861, at the same rent, containing the same covenants for renewal or payment for buildings, and also a clause that the renewal lease should contain like covenants with the lease then made. The third renewal was given in June, 1874, containing similar covenants of appraisal and of renewal in default of payment for the buildings. It also contained the usual general covenant that the form of the new lease should be similar to the present lease. When the lease of 1874 was approaching termination, the plaintiff, the representative of the original lessee, demanded a renewal of the lease, with a further covenant of renewal, or, in default thereof, a covenant to pay for the buildings. The question presented is whether the plaintiffs were entitled to a lease containing such covenants of renewal. It is urged upon the part of the defendants that the right to such a lease would be equivalent to a right

of perpetual grant. Upon the other hand, it is claimed by the plaintiffs that their construction does not provide for such perpetual grant, because such lease gives the lessors the option of granting an additional term or not, at their pleasure. If they choose not to grant the additional term, they must pay for the buildings according to the contract.

It does not seem necessary to discuss the questions raised by the foregoing facts. In the case of *Muhlenbrinck* v. *Pooler*, 40 Hun, 526, the identical question seems to have been determined against the contention of the plaintiffs. In that case the lease provided that the lessees should erect upon the premises brick dwelling-houses, and that upon the expiration of the term the lessor would either pay to him, his heirs, executors, administrators, or assigns, the just and full value of the buildings, or such of them as should remain on the premises, or would grant to him or them a new lease for a further term of 14 years, at a rent to be agreed upon by the parties, or to be determined by appraisers. It then declares that "the new lease shall contain covenants, conditions, and agreements the same as those herein contained." It was held that but one renewal was provided for, and that the new lease need not contain a covenant for renewal. The principles enunciated in this case seem to be adverse to the contention of the plaintiffs, and, as it is impossible to distinguish the facts in that case from those in the case at bar, it must be considered as a controlling authority. Judgment should be ordered in favor of the defendants, with costs. All concur.